Honorable Jeremiah C. Lynch
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| CASSANDRA LYNN HOVLAND, | |
| | CAUSE NO. CV 06-50-M-JCL |
| Plaintiff, | |
| | |
| vs. | |
| | FINDINGS AND |
| CHRIS GARDELLA, individually and as | RECOMMENDATION OF |
| agent for Lincoln County; MARK JACOBSON, | U.S. MAGISTRATE |
| individually and as agent for Lincoln | JUDGE |
| County, and LINCOLN COUNTY, a political | |
| subdivision of the State of Montana, | |
| | |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Motion for Remand.  The Court being informed enters the following:

**<u>RECOMMENDATION</u>**

IT IS RECOMMENDED that Plaintiff's Motion for Remand be **DENIED.**

NOW, THEREFORE, IT IS ORDERED that the clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on

1

opposing counsel within ten (10) days after receipt hereof, or objection is waived.

>DONE and DATED this 18th day of July, 2006.

>/s/ Jeremiah C. Lynch
>Jeremiah C. Lynch
>United States Magistrate Judge

**RATIONALE**

## I. Introduction

The Plaintiff, Cassandra Lynn Hovland, has moved the Court, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Montana Nineteenth Judicial District Court, Lincoln County, in which it was originally brought. In her Complaint, Hovland has advanced seven claims for relief. Six of those claims are predicated upon Montana law: false imprisonment (Count I); malicious prosecution (Count II); emotional distress (Count III); civil rights violations under the Montana Constitution (Count V); negligence - negligence per se (Count VI); and punitive damages (Count VII).[1] Count IV of the Complaint, however, seeks redress under 42 U.S.C. § 1983 for alleged violations of the rights secured Hovland by the United States Constitution. All of the

---

[1] Count V, pertaining to alleged civil rights violations under the Montana Constitution, references 42 U.S.C. § 1983 in the heading of that count, and also 42 U.S.C. § 1988 (attorneys fees) in the body of the count. A fair reading of Count V, however, reflects that Hovland is seeking redress for alleged violations of the rights secured to her by the Montana Constitution.

2

referenced claims have their genesis in Hovland's arrest on February 6, 2004, and subsequent five month detention by the Defendant law enforcement officers of Lincoln County, Montana.

The Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 on the basis that this Court has original jurisdiction over the federal civil rights claim under 28 U.S.C. §§ 1331 and 1343(3). Hovland moves the Court to remand this action in its entirety. Hovland argues, in essence, that notwithstanding the fact she expressly pled a claim under 42 U.S.C. § 1983 for alleged federal constitutional violations, this Court has complete discretion to decline to exercise removal jurisdiction. In the alternative, Hovland suggests the Court should abstain from exercising its jurisdiction under the principles of abstention enunciated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), because "judicial economy" would be served by allowing this action to be resolved in state court.

**II. Discussion**

    **A. Removal Jurisdiction**

For obvious reasons, Hovland's argument that this Court possesses complete discretion not to exercise jurisdiction in a case properly removed under 28 U.S.C. § 1441(a), is seriously flawed. As a general matter, defendants may remove to federal court "any civil action brought in a State court of which the

3

district courts of the United States have original jurisdiction." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (*quoting* 28 U.S.C. § 1441(a)).  Consequently, the propriety of removal depends on whether the case originally could have been filed in federal court.  *See, Id.*  Pursuant to 28 U.S.C. § 1331, the district courts are vested with original jurisdiction over cases "arising under the constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Once the case is removed, the district court has original jurisdiction over the claims arising under federal law, and may exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute "other claims that...form part of the same case or controversy."  *Chicago*, 522 U.S. at 165 (*quoting* 28 U.S.C. § 1367(a)).

In the present case, Hovland's complaint as filed in state court included a claim under 42 U.S.C. § 1983 for alleged violations of the rights secured her by the United States Constitution, plus a variety of state law claims arising out of the same events and circumstances which give rise to her federal claim.[2]  This Court would possess original jurisdiction over

---

[2] Count IV of the Complaint, entitled "Civil Rights Violations under the U.S. Constitution; 42 U.S.C. § 1983" states in pertinent part:

> The conduct of the Defendants in detaining, arresting and imprisoning the Plaintiff without probable cause, violated the Plaintiff's rights under the laws and Constitution of

4

Hovland's Section 1983 claim pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367. Consequently, the action was properly removed from state court under authority of 28 U.S.C. § 1441(a).

Hovland nevertheless argues that even though Count IV of the Complaint alleges violations under the United States Constitution, the assertion of that claim is not sufficient to "involve this Court's mandating jurisdiction." Pl.'s Mot. for Remand, 6.[3] There exists no authority for the proposition advocated by Hovland that where a case is properly removed under 28 U.S.C. § 1441, the district court has complete discretion to

---

> the United States, including the right to be free from arrest and prosecution without probable cause, the right to be free from cruel and unusual punishment, the right to be free from unreasonable searches and seizures, and the right to due process without limitation.

[3] Citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978), Hovland argues a federal court has complete discretion to refrain exercise the jurisdiction with which it is vested if a "controversy may be settled more expeditiously in the state court." Pl.'s Mot. for Remand, 6. Hovland misunderstands the rationale of *Will*. At bottom, *Will* concerned the propriety of mandamus writs to compel district courts to proceed with adjudication of matters concurrently pending in state court. 437 U.S. at 657. The state action included claims under both state and federal law. The federal action raised similar issues but added a claim for which federal jurisdiction was exclusive. *Id.* at 659. In short, *Will* concerned the issue of whether a federal district court had discretion to indefinitely stay proceedings in federal court in deference to parallel proceedings in state court. *Id.* at 663. Hovland's reliance on *Will* is obviously misplaced. The entire controversy between the parties in the present case is before this Court upon the Defendants' proper removal of the case pursuant to 28 U.S.C. § 1441.

remand the entire case including the federal claim over which the district court possesses original jurisdiction under 28 U.S.C. § 1331.

The discretion vested in a district court to remand matters to a state court from which an action was properly removed is that provided by 28 U.S.C. § 1367(c), which grants the district court the discretion to decline supplemental jurisdiction over state law claims in those four situations delineated in the statute. *See infra*, at 9-10. Section 1367(c), however, provides no basis for remanding federal claims properly removed under 28 U.S.C. 21 1441(a). *See In re City of Mobile,* 75 F.3d 605, 607 (11th Cir. 1996)(Section 1367(c) does not bestow on district courts the discretion to remand to state court a case that includes a properly removed federal claim); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3rd Cir. 1995); *See also Lee v. American National Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) (recognizing that a case properly removed under 28 U.S.C. § 1441(a) may not be remanded in its entirety even where the court lacks jurisdiction over some of the claims.), *cert. denied,* 535 U.S. 928 (2002). Consequently, Hovland's argument that the Court should simply remand the entire case because the state law claims purportedly predominate over the federal claim is without merit.[4]

---

[4] As noted, Hovland also argues the Court should abstain from exercising jurisdiction under the *Colorado River* abstention doctrine. A district court's stay of federal proceedings may be

When a case is removed on assertions of federal question jurisdiction, the federal court applies the "well-pleaded complaint rule." Under that rule, federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *California ex rel. Lockyear v. Dynegy, Inc. et al.,* 375 F.3d 831, 838 (9th Cir. 2004). This rule makes the plaintiff the master of her complaint. The plaintiff may avoid federal jurisdiction by asserting only state law claims. *Caterpillar, supra*, 482 U.S. at 399; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)("[P]laintiff is the 'master of her case', and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal."). Moreover, it is not enough that a complaint refers to a federal duty or a federal law violation as part of a state

---

appropriate "in situations involving the contemporaneous exercise of concurrent jurisdictions[.]" *Colorado River*, 424 U.S. at 817. The *Colorado River* doctrine does not apply in the absence of concurrent or pending state court proceedings. *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 734 (9th Cir. 1991)(holding that because an action filed in state court had been removed to federal court, there was no concurrent or pending state proceeding to support *Colorado River* abstention); *Tucker v. First Maryland Savings & Loan, Inc.*, 942 F.2d 1401, 1407 (9th Cir. 1991). The entirety of the controversy between the parties to this case has been properly removed to federal court. There are no concurrent or pending state court proceedings involving this controversy. Because the essential prerequisite to abstention under the *Colorado River* doctrine is lacking, the analysis need not proceed further.

7

cause of action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807 (1986).

In the present case, there is no doubt Hovland expressly pled a claim for relief under 42 U.S.C. § 1983 which provides this Court with the "original" jurisdiction upon which the removal was properly based. Hovland misreads *Duncan*, *supra*, when she suggests that where a federal claim is expressly set forth upon the face of a complaint, a federal court may decline to exercise removal jurisdiction simply because a state claim, arising from the same set of operative facts, is also pled. The plaintiff in *Duncan*, as the master of her complaint, chose not to plead a claim for relief under federal law, i.e. *Lanham Act*, but advanced only claims founded upon state law. 76 F.3d at 1490-91. In the present case, by contrast, Hovland's complaint does, on its face, state a claim for relief under federal law. "[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wisconsin Dept. Of Corrections v. Schacht*, 524 U.S. 381, 386 (1998).

**B.   Supplemental Jurisdiction**

The discretion a district court possesses in relation to a case properly removed under 28 U.S.C. § 1441(a) is that discretion, provided under 28 U.S.C. § 1367(c)(2), to decline

8

supplemental jurisdiction over state law claims. The real crux of Hovland's motion to remand, although not expressly articulated, is that this Court should decline to exercise supplemental jurisdiction over her state law claims and remand those claims to state court.

Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction and there is "a common nucleus of operative fact between the state and federal claims." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (*citing Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)). Supplemental jurisdiction under 28 U.S.C. § 1367(c) is, however, discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). This discretion, however, is not unbridled. Pursuant to Section 1367(c), a district court may decline to exercise jurisdiction over a state claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has

9

dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. 1367(c).  Deciding whether to exercise supplemental jurisdiction "is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Associates,* 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

The categories identified in Section 1367(c) provide the primary basis for a district court's discretion to decline supplemental jurisdiction.  *Executive Software North America, Inc. v. United States District Court,* 24 F.3d 1545, 1555-56 (9th Cir. 1994).  "[U]nless a court properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendant claims, supplemental jurisdiction must be asserted." *Id.*; *see also Acri*, 114 F.3d at 1001 n. 3.  Once a court identifies a factual predicate which corresponds to one of the subsection 1367(c) categories, the exercise of discretion "is informed by whether remanding the pending state claims comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity."  *Id.* at 1557 (internal citations and quotations omitted).[5]

---

[5] Prior to the enactment of 28 U.S.C. § 1367(c), a district court's decision to decline supplemental jurisdiction was based on the discretionary factors set forth in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  In determining the interplay between *Gibbs* and Section 1367(c), the Ninth Circuit

10

Reduced to its essence, Hovland's argument for remand is most properly characterized as asserting her state law claims substantially predominate over her federal claim within the meaning of Section 1367(c)(2).[6]  In determining whether Hovland's state claims substantially predominate over her federal constitutional claim, the Court bears in mind that "federal courts are reluctant to remand state claims, once they obtain original jurisdiction based on a federal question, where all the claims derive from the same set of facts."  *Mincy v. Staff Leasing, L.P.,* 100 F.Supp.2d 1050, 1053 (D. Ariz. 2000) (*citing Carpenters Health and Welfare Trust Fund for Calif. v. Tri*

---

has held that by listing the four circumstances in subsection 1367(c), Congress intended to constrain the previous common law analysis.  *See Executive Software*, 24 F.3d at 1556-57.  Consequently, supplemental jurisdiction is to be exercised in the absence of any of the four factors of subsection 1367(c). When one or more of these factors is present, however, the *Gibbs* considerations may be used to guide the court in the exercise of its discretion.  *Id.*, at 1557.

[6] Hovland also argues that the state court is better suited to address her state constitutional tort claims in light of the "greater protection" provided by the Montana Constitution than the federal constitution against cruel and unusual punishment. *See Walker v. State,* 2003 MT 134, ¶73, 316 Mont. 103, ¶73, 68 P.3d 872, ¶73.  This argument most closely resembles an argument that the state constitutional tort claim raises a "novel or complex issue of State law" within the purview of section 1367(c)(1).  The bare assertion that application of the *Walker* rationale to the circumstances of this case warrants remand is unpersuasive.  This Court is just as capable of interpreting the Montana Supreme Court's holding in *Walker* as is a Montana state district court.  Recognizing that the Montana Constitution provides citizens greater protection from cruel and unusual punishment does not present a complex issue that would compel remand of Hovland's state claims.

11

*Capital*, 25 F.3d 849, 852 (9th Cir.), *cert. denied*, 513 U.S. 1018 (1994). "Section 1367(c)(2)'s authority should be invoked only where there is an important countervailing interest to be served by relegating state claims to the state court. This will normally be the case only where 'a state claim constitutes the real body of a case, to which the federal claim is only an appendage,' only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3rd Cir. 1995) (*quoting Gibbs,* 383 U.S. at 727). Stated another way, state claims predominate over federal claims where "the federal claims involve a technical or other issue that is peripheral to the state claims." *SST Global Technology, LLC v. Chapman*, 270 F.Supp.2d 444, 456 (S.D.N.Y. 2003).

As noted by the Third Circuit in *Borough of West Mifflin,* the "substantially predominate" standard comes from *Gibbs.* A district court's analysis under section 1367(c)(2) should track the Supreme Court's explication of that standard in *Gibbs:*

> We do not understand plaintiffs to suggest that there is a substantial quantity of evidence supporting their state claims that would not be relevant to the federal claims.... Thus, in the terminology of *Gibbs*, the state issues would not appear to "substantially predominate in terms of proof." ... Nor would they appear to "substantially predominate in terms of the comprehensiveness of the remedy sought." ... The remedy sought based on the state claims is the same remedy sought based on the federal claims – damages for the

12

same set of injuries to the plaintiffs.

*Borough of West Mifflin*, 45 F.3d at 789.

All of Hovland's claims derive from a common nucleus of operative fact. Hovland's federal constitutional claim cannot be said to be merely peripheral to her state constitutional or common law claims, all of which are based on the allegations that she was wrongfully arrested and detained. The situation presented is nearly identical to that addressed by the court in *Borough of West Mifflin*, where the court concluded that state claims predicated upon the same alleged constitutionally tortious conduct did not substantially predominate over the plaintiffs' Section 1983 claim under the federal constitution. 45 F.3d at 789-90. Ultimately, the exercise of the Court's discretion "is informed by whether remanding the attendant state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'" *Executive Software North America Inc.,* 24 F.3d at 1557 (citation omitted).[7]

In the present case, it is fair to say that Hovland's claims derive from a common nucleus of operative fact and comprise, in effect, one constitutional case. Under the circumstances,

---

[7] It is important to note that the doctrine of pendent jurisdiction is a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative fact. *Borough of West Mifflin*, 45 F.3d at 789.

13

judicial economy, convenience, fairness to the parties, and comity would best be served by this Court exercising supplemental jurisdiction over Hovland's state claims.

This is especially true since litigating all of Hovland's claims in one case before a single jury avoids the possibility of duplicative recovery of damages or inconsistent verdicts that necessarily exists if there are parallel federal and state proceedings. *Borough of West Mifflin*, *supra*, 45 F.3d at 789 (*quoting Sparks v. Hershey*, 661 F.2d 30, 33-34 (3rd Cir. 1981).[8]

---

[8] It is important to note that while Hovland attempts to minimize her Section 1983 claim to gain a remand, she has continued to maintain that claim. Indeed, the Court's calculus would be markedly different if the analysis were conducted under Section 1367(c)(3) since the risk of a duplicative recovery or inconsistent verdicts would be obviated.