FILED
MISSOULA, MT

2006 SEP 15 PM 1 34

PATRICK E. DUFFY

BY_____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CASSANDRA LYNN HOVLAND, ) | CV 06-50-M-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CHRIS GARDELLA, individually and ) | |
| as agent for Lincoln County; ) | |
| MARK JACOBSON, individually and ) | |
| as agent for Lincoln County, ) | |
| and LINCOLN COUNTY, a political ) | |
| subdivision of the State of ) | |
| Montana, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.  Introduction

United States Magistrate Judge Jeremiah C. Lynch entered

Findings and Recommendation in this matter on July 18, 2006.

Plaintiff timely objected on August 4, 2006, after receiving an

extension of time to file objections from Judge Lynch.  Plaintiff

is therefore entitled to *de novo* review of the record.  28 U.S.C.

§ 636(b)(1).  Judge Lynch recommended denying Plaintiff's motion

to remand this action to the Montana Nineteenth Judicial District

-1-

Court, Lincoln County, in which it was originally brought.  I agree with Judge Lynch's analysis.  The Parties are familiar with the procedural history and the factual background so they will not be restated.

## II.  Analysis

Judge Lynch rightly recommended denying Plaintiff's motion for remand.  Plaintiff's complaint alleged seven causes of action stemming from her February 6, 2004 arrest and subsequent detention.  Count IV of the Complaint sought redress under 42 U.S.C. § 1983 for alleged violations of rights secured by the United States Constitution.  Because federal district court's have original jurisdiction over claims brought pursuant to § 1983, the case was properly removed to federal court upon Defendant's motion.  See 28 U.S.C. § 1441(a) (authorizing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"); 28 U.S.C. § 1331 (granting district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").  Moreover, although this Court has discretion to decline the exercise of supplemental jurisdiction over Plaintiff's six remaining claims brought under Montana state law, the exercise of supplemental jurisdiction in this case is proper.  See 28 U.S.C. § 1367(a) & (c).  Plaintiff's § 1983 claim and state claims

derive from the same set of facts, namely Plaintiff's alleged
wrongful arrest and detention. See Brady v. Brown, 51 F.3d 810,
816 (9th Cir. 1995). Further, Plaintiff's federal claim does not
predominate over her state claims and the goals of judicial
economy, convenience, fairness, and comity would be served by the
exercise of supplemental jurisdiction. See 28 U.S.C. §
1367(c)(2).

Plaintiff raises two objections to Judge Lynch's Findings
and Recommendation. Plaintiff first contends the Findings and
Recommendation fail to address the significance of Duncan v.
Stuetzle, 76 F.3d 1480, 1491 (9th Cir. 1996), to the facts of
this case. According to Plaintiff, Duncan requires district
court's to decline jurisdiction when a Plaintiff alleges an
alternative theory of relief not dependent upon federal law.
Plaintiff contends Count V of her Complaint pleads an alternative
theory of recovery under the Montana Constitution for the same
civil rights violations plead in Count IV under § 1983.
Plaintiff's reliance on Duncan is misplaced. In Christianson v.
Colt Industries Operating Corp., 486 U.S. 800, 808, the Supreme
Court noted federal question jurisdiction exists over cases in
which "a well-pleaded complaint establishes either that federal
law creates the cause of action or that the plaintiff's right to
relief necessarily depends on resolution of a substantial
question of federal law." The portion of Duncan relied upon by

-3-

Plaintiff dealt with the second of these two scenarios.  The complaint at issue in <u>Duncan</u> could not satisfy the first <u>Christianson</u> prong because it did not cite any "federal statutes, rules, regulations or cases" and did not expressly seek any federal remedies.  <u>Duncan</u>, 76 F.3d at 1486.  In the present case, however, Plaintiff's complaint satisfies the first <u>Christianson</u> prong because it expressly states a cause of action and seeks damages under a federal statute, 42 U.S.C. § 1983.  The second <u>Christianson</u> prong, and <u>Duncan</u>'s analysis of it, are therefore inapposite here.

Plaintiff's second objection maintains remand to state court is necessary to promote judicial economy and the conservation of judicial resources.  In support of this contention, Plaintiff notes the state judge is already familiar with the facts of the case because he presided over the underlying criminal proceeding. Plaintiff also points to a suit filed in state court by Plaintiff's mother, Kim Boharski, alleging state law violations by Defendants.  The mere fact of the state court judge's familiarity with Plaintiff's criminal proceeding does not counsel remand to state court.  This Court is competent to familiarize itself with the relevant facts of this case as they come to light in further proceedings.  Ms. Boharski's suit against Defendants also does not require remand.  The suit alleges Defendants coerced Ms. Boharski into committing various indecent acts by

-4-

promising to obtain Plaintiff's release from prison.  The factual

allegations supporting Ms. Boharski's suit are distinct from

those alleged in the instant case, and judicial time and

resources will not be wasted by permitting the suits to proceed

in separate jurisdictions.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's

Findings and Recommendation are adopted in full.  Plaintiff's

motion for remand is DENIED.

Dated this ___ day of _____, 2006.

Donald W. Molloy, Chief Judge
United States District Court

-5-