```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MONTANA
                       MISSOULA DIVISION
       _____
```

CASSANDRA LYNN HOVLAND,

        CAUSE NO. CV 06-50-M-DWM-JCL

        Plaintiff,

    vs.                  FINDINGS AND RECOMMENDATION
                        OF U.S. MAGISTRATE JUDGE

CHRIS GARDELLA, individually and
as agent for Lincoln County;
MARK JACOBSON, individually and
as agent for Lincoln County,
JOSH HARTH, individually and
as agent for Lincoln County,
DARRELL ANDERSON, individually and
as agent for Lincoln County,
CLAY COKER, individually and
as agent for the City of Libby,
BOYD WHITE, individually and
as agent for the City of Libby,
CITY OF LIBBY, a political subdivision
of the State of Montana,
LINCOLN COUNTY, a political subdivision
of the State of Montana, and
JOHN DOES I-X,

        Defendants.
_____

Pending before the Court is Defendant Mark Jacobson's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed the briefs and the record in this case, and for the reasons detailed below finds it appropriate to recommend denial of Jacobson's motion without prejudice.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

**I.  BACKGROUND**

This case stems from the arrest of Plaintiff Cassandra Hovland in February 2004, by Lincoln County Deputy Sheriff Chris Gardella, her subsequent incarceration and prosecution for alleged drug crimes, and additional improprieties which allegedly occurred during Hovland's incarceration.  Hovland advances claims for violations of her civil rights under federal and Montana law, as well as common law claims for negligence, assault, and battery.

Hovland's ordeal began when Deputy Gardella effected a traffic stop of Hovland on February 6, 2004.  On that date Defendant Lincoln County Deputy Sheriff Mark Jacobson received information from a citizen that Hovland was in possession of methamphetamine.  Jacobson conveyed the information to Gardella who initiated a traffic stop of Hovland.

Hovland alleges Gardella violated her rights during the traffic stop.  Gardella illegally deceived Hovland and coerced her to consent to various searches of her vehicle, and he manipulated and planted evidence of methamphetamine and other contraband which he found in her personal belongings inside the vehicle, all in violation of her constitutional rights.  Gardella then placed Hovland under arrest and took her into custody.

Either on February 6, 2004, or within the next day or two following Gardella's arrest of Hovland, Gardella allegedly

informed Jacobson that he had manipulated and planted evidence on Hovland, and tricked her into consenting to a search of her vehicle, thereby illegally searching Hovland's vehicle without a warrant. Jacobson asked Gardella how the seized evidence would not get suppressed, and Gardella informed Jacobson that he would falsify reports to support his conduct.

As a consequence of Gardella's actions and his false reports, the Lincoln County Attorney's Office charged Hovland with various crimes in state court. As a result of the charges Hovland states she was held in custody, admitted to the Montana Chemical Dependency Center, and confined to a half-way house until approximately June 25, 2004.

After learning of Gardella's conduct, Jacobson waited some period of time before he informed the Lincoln County Sheriff, Darrel Anderson, about all of Gardella's improper conduct. Hovland advises the Court, however, that the information available to her does not establish when Jacobson notified Anderson of Gardella's conduct. Nonetheless, Hovland believes Jacobson advised Anderson that Gardella intended to falsify his reports and pursue false criminal charges against Hovland. Anderson, however, allegedly failed to intervene in Gardella's actions.

Hovland alleges, inter alia, that Jacobson conspired with Gardella and acted in concert with Gardella and the other

Defendants to Hovland's detriment.  Additionally, Hovland alleges she was misled by Jacobson when he told her he would have the charges dropped, which he did not cause to happen promptly.  Despite his knowledge of all the detrimental consequences to Hovland, Jacobson also did not disclose his knowledge of Gardella's actions and of Hovland's plight to anyone with authority to terminate Hovland's prosecution until after a considerable amount of time had passed

On June 25, 2004, Jacobson informed the Lincoln County prosecutor what he knew about Gardella's illegal actions.  Based on Jacobson's disclosure, the Lincoln County Attorney terminated the prosecution of the criminal charges against Hovland.  The state court suppressed the evidence against Hovland, and it dismissed the charges against her on December 6, 2005.

Hovland advances nine causes of action against the various Defendants in her First Amended Complaint.  Count 1 asserts a cause of action for false arrest or imprisonment, Court 2 asserts a claim for malicious prosecution, and Count 3 alleges Defendants are liable for either the negligent or intentional infliction of emotional distress.  Counts 4 and 5 allege Defendants violated Hovland's civil rights under both the United States Constitution and the Montana Constitution, and in Count 6 of her pleading Hovland alleges Defendants are liable for negligence, gross negligence, and negligence per se.

Count 7 of Hovland's pleading alleges Defendants committed assault and battery against her.  The context of her allegations, however, refer only to conduct committed by jail officers during Hovland's incarceration.

In Count 8 Hovland alleges all Defendants acted in concert in all respects through each Defendant's substantial assistance or encouragement to the other Defendants.

Finally, in Count 9 Hovland alleges Defendants are liable to her for punitive damages.

## II.  APPLICABLE LAW - Rule 12(b)(6) Motion to Dismiss

Jacobson moves to dismiss Hovland's claims pursuant to Fed. R. Civ. P. 12(b)(6).  A claim may be dismissed under Rule 12(b)(6) either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party.  *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."

*Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint need only set forth a short and plain statement of the claim showing the pleader is entitled to relief, and it "does not need detailed factual allegations[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Nevertheless, a plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. at 1965. Allegations must indicate the pleader has a right to relief, and they must rise above the level of mere speculation. *Id*. The pleading must at least set forth factual grounds supporting a plausible basis on which liability can be imposed, or it must set forth enough facts "to raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Id*. Even if a court believes actual proof of the facts alleged is improbable, or that recovery is remote or unlikely, a pleading should still survive dismissal. *Id*.

## III.  DISCUSSION

Defendant Jacobson filed his Motion to Dismiss on April 3, 2008, requesting that all of Hovland's claims as against him be

dismissed.  Jacobson challenges the legal sufficiency of the allegations contained in Hovland's First Amended Complaint.

Subsequent to the filing of Jacobson's motion, the parties filed an unopposed motion for the release of confidential criminal justice information consisting of investigative documents related to the subject matter of this case.  Pursuant to Order entered April 21, 2008, and following its in camera review of the referenced documents, the Court ordered the release of specific items contained in the criminal justice information pursuant to Mont. Code Ann. § 44-5-303.

Armed with the newly released criminal justice information documents, Hovland filed her response to Jacobson's motion on May 12, 2008.  Hovland now relies heavily on the information she obtained from the criminal justice information to support her allegations in her pleading.  Throughout her brief she cites to, and quotes from specific documents contained within the criminal justice information.

In considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) the Court is generally limited to a review of only the legal sufficiency of allegations stated in a complaint to determine whether, as pled, the allegations "state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6). A court may, however, consider matters outside the pleadings to which the parties refer in connection with a Rule 12(b)(6)

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 7

motion, but pursuant to Fed. R. Civ. P. 12(d) the court must then convert the motion to one for summary judgment to be resolved pursuant to Fed. R. Civ. P. 56.

In light of her reference to the criminal justice information documents, Hovland suggests that the Court could convert Jacobson's Motion to Dismiss into one for summary judgment pursuant to Rule 12(d). Hovland argues that the newly released factual information supports the allegations in her pleading and provides sufficient genuine issues of material fact to deny Jacobson's motion.

Defendants Jacobson and Harth strenuously challenge Hovland's attempt to rely upon the unauthenticated statements set forth in the criminal justice information. Pursuant to Order entered contemporaneously with this ruling, the Court has in fact denied Hovland's pending Motion to File Criminal Justice Information, and has granted Defendant Josh Harth's pending Motion to Strike Hovland's references to Harth and the criminal justice information in her brief filed in response to Jacobson's Motion to Dismiss. For the reasons stated in the referenced Order, although the criminal justice information could lead to the discovery of admissible evidence, the criminal justice information documents themselves are not admissible as presented by Hovland. Accordingly, the Court will not consider the documents to which Hovland cites in her brief and, consequently,

the Court will not convert Jacobson's motion to one for summary judgment pursuant to Fed. R. Civ. P. 12(d) as Hovland suggests.

Although the Court will not consider the substance of the information on which Hovland relies as contained within the criminal justice information, the Court is permitted to consider the substance of Hovland's brief for purposes of clarifying her allegations in her First Amended Complaint. *Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000). The statements in Hovland's brief provide some limited clarification of the support for her allegations in her First Amended Complaint. At a minimum, Hovland's briefing highlights the need for further development of the factual record in this case. Even if a court believes the actual proof to support a claim is improbable, or that recovery is remote and unlikely, a pleading should proceed for further resolution on the merits of the claims. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Therefore, Hovland's pleading, together with her clarifying statements in her brief, is sufficient to survive dismissal at this stage of the proceedings.

Furthermore, where the lack of sufficient factual development is brought to a court's attention, the court should defer resolution of the merits of a plaintiff's claims. Rule 12 of the Fed. R. Civ. P. contains an "overlooked"[1] provision which

---

[1] *Rivera-Gomez v. Castro*, 900 F.2d 1, 2 (1st Cir. 1990).

makes the court's review of a Rule 12 motion "discretionary, rather than mandatory." *Evello Investments, N.V. v. Printed Media Services, Inc.*, 158 F.R.D. 172, 173 (D. Kan. 1994). Although a court will generally consider the merits of a motion filed pursuant to subsections (1) through (7) of Fed. R. Civ. P. 12 before trial, such pretrial ruling procedure is subject to the following clause: "unless the court orders a deferral until trial." Fed. R. Civ. P. 12(I) (codified at Rule 12(d) prior to 2007). Pursuant to the phrase quoted above, it is appropriate to defer a ruling on the legal sufficiency of a complaint's allegations when an adjudication of claims can more accurately be made after the parties have developed the factual record. *Flue-Cured Tobacco Cooperative Stabilization Corp. v. United States EPA*, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994). *See also Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004) (citing Rule 12(d) as authority to allow the further development of facts relative to a Rule 12(b)(3) motion); *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990); *Whitaker v. Beavin*, 808 F.2d 762, 765 11th Cir. 1987).

In accordance with the legal authority cited above, Hovland's brief adequately demonstrates that the factual record is not sufficiently developed for a proper resolution of the merits of her claims. In particular, although the criminal justice information on which Hovland relies is not admissible,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 10

the information provided therein warrants further exploration by the parties through discovery.  It would be premature to resolve Hovland's claims in the absence of further development of the facts.  *See Evello Investments, N.V.*, 158 F.R.D. at 173 (noting the inappropriateness of a premature ruling on the sufficiency of a pleading).

Based on the foregoing, the Court hereby enters the following:

## RECOMMENDATION

Defendant Mark Jacobson's Motion to Dismiss should be **DENIED** without prejudice to allow the parties, in accordance with decisional law under Fed. R. Civ. P. 12(i), to further develop the factual record through appropriate discovery methods.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 15th day of May, 2008.

        /s/ Jeremiah C. Lynch
        Jeremiah C. Lynch
        United States Magistrate Judge